UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| REGINA KRACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CV-184-HAB |
| | ) | |
| GOVERNOR ERIC J. HOLCOMB, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On March 23, 2020, the Defendant, Indiana Governor Eric J. Holcomb (the "Governor"), issued Executive Order 20-08, entitled "Directive for Hoosiers to Stay at Home" (the "Order"). The intent of the Order was "to ensure that the maximum number of people self-isolate in their homes or residences to the maximum extent feasible, while also enabling essential services to continue, in order to slow the spread of COVID-19 to the greatest extent possible." (ECF No. 1-2 at 9). The Order required Indiana residents to stay in their homes (unless one of several exceptions applied), put in place social distancing guidelines, closed all non-essential businesses, restricted gatherings to no more than ten people, and prohibited all but essential travel. On its terms, the Order expired on April 6, 2020. The Governor was certainly not alone in taking these steps; all but seven states have issued statewide shelter-in-place, stay-at-home, closure, or shutdown orders in response to the COVID-19 pandemic.

Before the Court today is a challenge to the Order. Plaintiff Regina Krach ("Krach") claims that the Governor exceeded his statutory authority in entering the Order, and further claims that the Order violates her rights, and the rights of all Indiana citizens, secured under the First, Fifth, Fourteenth, and Fifteenth Amendments to the United States Constitution. The thrust of Krach's

allegations is that the COVID-19 threat has been exaggerated and, to borrow an idiom, the cure is worse than the disease.

However, it is not necessary for the Court to wade into the political arena and pass judgment on the Governor's efforts. The Order is no longer in effect, rendering Krach's lawsuit moot. Accordingly, this Court lacks Article III jurisdiction over this case, and dismissal is required.

**A.      Factual Background**

Two weeks after issuing the Order, the Governor issued Executive Order 20-18, entitled "Continued Directive for Hoosiers to Stay at Home; Extension of Continuity of Operations of Government; and Extension of Executive Orders Pertaining to Restaurants and Alcoholic Beverages." Consistent with its title, Executive Order 20-18 extended "Executive Order 20-14 pertaining to in-person dining restrictions and Executive Order 20-09 relating to continuity of operations of state government." Exec. Order No. 20-18 at 3. The Order was not similarly extended. Instead, by its plain terms, Executive Order 20-18 "replace[d] Executive Order 20-08." *Id*. at 2. Executive Order 20-18 would itself be replaced by Executive Order 20-22 (Exec. Order No. 20-22 at 2). While Executive Order 20-22 is still nominally in effect, Executive Order 20-26 lifted many of its restrictions effective May 3, 2020, at 11:59 p.m., for all but three counties in Indiana. Executive Order 20-26 lifted the order for Hoosiers to remain in their homes, permitted the re-opening of retail businesses, raised the number of people who could attend a gathering to twenty-five, and set forth a roadmap for re-opening the rest of the state. Exec. Order No. 20-26.

**B.      Legal Analysis**

This, or any other Article III court, must be sure of its own jurisdiction before getting to the merits of an action. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999). For this reason, an objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a

court on its own initiative, at any stage of the litigation, even after trial and entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

Article III of the Constitution limits the judicial power of the federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. As the Supreme Court of the United States has said, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding upon the law in the course of doing so." *Id*.

Challenges to executive orders that have "expired by their own terms" no longer present a live case or controversy. *Trump v. Hawaii*, 138 S.Ct. 377 (2017); *Trump v. Int'l Refugee Assistance*, 138 S.Ct. 353 (2017). Such challenges must be dismissed as moot, without a discussion on the merits. *Id.*; *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). So it is here. The Order expired by its own terms on April 6, 2020. It was expressly replaced by Executive Order 20-18, which was itself replaced by Executive Order 20-22. Because Krach does not challenge any executive order other than the Order, the instant case does not present a live case or controversy and must be dismissed.

**C.  Conclusion**

For the foregoing reasons, Krach's Emergency Motion for Stay of Order (ECF No. 1) is DISMISSED as moot.

SO ORDERED on May 6, 2020.

        s/ Holly A. Brady
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT